FILED

MAY X 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Mario GARCIA Padilla,<br><br>　　　Petitioner,<br><br>　　　　　v<br><br>James D HARTLEY, Acting Warden of Avenal State Prison,<br><br>　　　Respondent. | Case No 1-8-cv-682-VRW-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　Petitioner Mario García Padilla, a prisoner incarcerated at Avenal State Prison in Avenal, California, seeks a writ of habeas corpus pursuant to 28 USC § 2254. In his petition, he challenges the decisions of the California Board of Prison Hearings ("the board") to deny him parole.

I

　　　　In 1983, petitioner shot and killed Rubén García in retaliation for throwing bottles at a friend's car during an argument between the friend and the victim. The following year, petitioner was convicted of second-degree murder and sentenced to

an indeterminate term of 15 years to life.

Petitioner has appeared before the board four times for parole hearings, most recently in 2007. As in its prior decisions denying parole, the board in its most recent decision discussed the circumstances of petitioner's crime, noting that petitioner planned his crime, as evidenced by the fact that he departed the crime scene to arm himself with a loaded shotgun before returning to the scene to shoot the victim; that the manner in which petitioner carried out his offense evidenced a lack of regard for human suffering; and that petitioner's motive for his crime — retaliation for throwing bottles at a friend's car during an argument — was inexplicable.

In addition to the circumstances of petitioner's crime, the board cited as a factor in its decision petitioner's institutional behavior, including drug trafficking as well as twice engaging in mutual combat with other prisoners. The board also noted that petitioner lacked any viable residential and employment plans for parole. The board took into consideration several factors in petitioner's favor, such as his laudable success in educational programs as well as his participation in therapy. In light of all of these factors, the board concluded that petitioner posed an unreasonable threat to public safety and denied him parole.

Petitioner appealed the board's decision and sought review in the state courts. In each case, relief was denied; the denial by the state superior court was issued with a reasoned decision. In the present federal action, petitioner contends that, in denying him parole, the board deprived him of liberty

2

without due process of law in violation of his rights under the
Fourteenth Amendment to the United States Constitution.

II

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal 4th 1061, 1069-70 (2005). At that point, California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration." Cal Penal Code § 3041(b). Regardless of the length of the time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal Code Regs tit 15, § 2402(a). In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offense, including behavior before, during and after the crime. See Cal Code Regs tit 15, § 2402(b)-(d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied without adequate procedural due process protections." Sass v California Bd of Prison Terms, 461 F3d 1123, 1128 (9th Cir 2006); McQuillion v Duncan, 306 F3d 895, 902 (9th Cir 2002). It matters

3

not that a parole release date has not been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v Terhune, 334, F3d 910, 914-15 (9th Cir 2003).

Petitioner's due-process rights require that "some evidence" support the board's decision finding him unsuitable for parole. Sass, 461 F3d at 1125. This "some evidence" standard is deferential, but ensures that "the record is not so devoid of evidence that the findings of [the board] were without support or otherwise arbitrary." Superintendent v Hill, 472 US 445, 457 (1985). Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id at 455-56.

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F3d at 915; McQuillion, 306 F3d at 904. Relevant to this inquiry is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board. See Pedro v Oregon Parole Bd, 825 F2d 1396, 1399 (9th Cir 1987). If the board's determination of parole unsuitability is to satisfy due process, there must be some evidence with some indicia of reliability to support the decision. Rosas v Nielsen, 428 F3d 1229, 1232 (9th Cir 2005).

III

Petitioner argues that the board denied him parole in subsequent hearings based each time solely on the commitment

4

Case No 1-8-cv-682-VRW (ED Cal)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)

offense. Furthermore, petitioner contends that the board failed to demonstrate that there was "some evidence" to deny him parole in light of his efforts at rehabilitation.[1] As noted above, the record shows that the board discussed thoroughly, and accordingly found, three factors tending to show petitioner's unsuitability for parole — the circumstances of his crime, his institutional behavior and his lack of viable plans for parole — and that these factors formed the basis for the board's conclusion that petitioner posed "an unreasonable risk of danger to society and a threat to public safety if released from prison." See Cal Code Regs tit 15, § 2402(a) (stating that a prisoner determined to be an unreasonable risk to society shall be denied parole). The record also shows that the board afforded petitioner an opportunity to speak and to present petitioner's case at the hearings, allowed him to present relevant documents and provided him with a reasoned decision in denying parole.

In short, the record shows that the board had some reliable evidence to support its finding of unsuitability. The circumstances surrounding the murder, which suggested a callous disregard for human suffering as well as an extraordinarily trivial motive, appropriately were particularly relevant to the board's decisions. Accord Irons v Carey, 505 F3d 846, 850 (9th Cir 2007) (upholding denial of parole based solely on gravity of offense). In addition, the board's findings regarding

---

[1] Petitioner also suggests that his continued incarceration violates a plea bargain under which he was to serve no more than eight years in prison. However, he provides no support for this claim other than its mere assertion, and his sentence of fifteen years to life plainly indicates otherwise.

5

petitioner's institutional behavior reasonably contributed to the board's determination that he was unsuitable for parole, despite petitioner's efforts to minimize or explain away that behavior. See Hill, 474 US at 455-56. While lauding his recent vocational and behavioral gains and other positive factors, the board reasonably concluded that petitioner was not yet suitable for parole. It is not up to this court to "reweigh the evidence." Powell v Gomez, 33 F3d 39, 42 (9th Cir 1994).

IV

Accordingly, and good cause appearing therefor, the court hereby denies petitioner's petition for a writ of habeas corpus. The clerk shall enter judgment in favor of respondent, terminate all motions and close the file.

It is so ordered.

VAUGHN R WALKER
United States District Chief Judge